IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GILBERTO JUAREZ,

    Plaintiff,

v.

TWENTY FIVE COURT OFFICERS;
PEOPLE OF CALIFORNIA;
PRISONS; C.E.O.; B. WALTON,

    Defendants.

No. C 13-2431 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights action pursuant to 5 U.S.C. 552(a)(4)(B), the Freedom of Information Act ("FOIA"). Based upon a review of the complaint pursuant to 28 U.S.C. 1915, it is dismissed for failure to state a cognizable claim for relief.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.     LEGAL CLAIMS**

The complaint is difficult to comprehend because he makes many incoherent statements both in the body and the margins of the form complaint, and he many includes documents interspersed in and attached to the complaint that are neither explained nor labeled. The only coherent allegations are his complaints that employees of the clerk's office in the San Jose division of this court improperly processed and handled documents in his prior habeas petitions and other lawsuits. FOIA establishes federal district court jurisdiction to conduct de novo review of agency decisions to deny requested access to agency records, and jurisdiction is dependent upon a showing that an agency has (1) improperly (2) withheld (3) agency records. *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980); *Cal-Almond, Inc. v. United States Dep't of Agriculture*, 960 F.2d 105, 108 (9th Cir. 1992). FOIA does not apply to plaintiff's claims because he does not seek documents that have been denied by a federal agency. Consequently, the complaint does not state a cognizable claim for relief.

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July   24   , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2